UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SCHERITA L. DELONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:18-CV-352-PPS |
| | ) |
| ANDREW M. SAUL, | ) |
| Acting Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff, Scherita L. Deloney, appealed the final decision of the Commissioner of Social Security denying her application under the Social Security Act for Disability Insurance Benefits. On January 8, 2019, I entered an order referring this matter to Magistrate Judge Susan L. Collins for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and this Court's General Order 2018-14A. [DE 16.]

Judge Collins issued a comprehensive Report and Recommendation on November 26, 2019, finding that neither of Deloney's two arguments warranted a remand, and recommending that the Commissioner's decision be affirmed. [DE 24.] Deloney filed her timely objection on December 10, 2019 [DE 25], contending the ALJ: (1) did not address or resolve the conflicting testimony of the state-testifying medical expert with regard to Listing 1.02A, major dysfunction of a joint; and (2) did not provide a good reason for not giving the opinion of Deloney's treating physician

controlling weight. Because I agree with Judge Collins' analysis, I will adopt the Report and Recommendation in its entirety.

## Discussion

When a party makes objections to a magistrate judge's recommendations, "[t]he district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). "[I]f following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Goffman*, 59 F.3d at 671.

In her objection, Deloney first claims that the ALJ did not address or resolve conflicting testimony given by Dr. Jilhewar. Dr. Jilhewar is the Agency-contracted medical expert who testified at the hearing about whether Deloney's knee impairments equaled Listing 1.02A (major dysfunction of a joint). Judge Collins addressed this argument head-on in her recommendation. She spent two pages summarizing Dr. Jilhewar's testimony [DE 24 at 9-10] and then three pages thoroughly analyzing the testimony [*Id.* at 11-13].

Deloney argues now, as she did before Judge Collins, that Dr. Jilhewar gave conflicting testimony about whether Deloney met or medically equaled listing 1.02(A),

2

and that the ALJ failed to address this or resolve a material conflict. Dr. Jilhewar first testified that Deloney did not meet or medically equal listing 1.02A because she did "not have documentation of ineffective ambulation" or "clinical findings of flexion contracture." [Tr. 52.][1] But Deloney points to a later statement where Dr. Jilhewar stated something to the contrary: "[b]y the flexion part, by the flexion contracture, my opinion, as of that date, the documentation will be equaling 1.02(a)." [Tr. 54.]

I agree with Judge Collins that the ALJ *did* address and resolve the supposed conflict. [DE 24 at 11.] During Dr. Jilhewar's testimony, the ALJ followed up on the apparent contradiction and immediately confirmed with the doctor that Deloney did *not* have a knee flexion contracture of more than fifteen degrees that would medically equal listing 1.02A. [Tr. 54.] Here's how it went at the hearing:

> ALJ: Okay, but you just said something –
>
> ME: But what I said was if the flexion contracture means if the extension was equal to a more than 15 degrees, meaning the hypothetical person could not straighten up the leg, that would have been so-called equaling 1.02(a).
>
> ALJ: But you're saying it doesn't do that?
>
> ME: No.
>
> ALJ: Okay.
>
> ME. At present. In the future, she could.
>
> ALJ: All right.

[Tr. 54.]

---

[1] Citations to the record will be indicated as "Tr. __" and indicate the pagination found in the lower right-hand corner of the record found at DE 12.

Deloney staunchly insists that she exhibited the level of flexion contracture that Dr. Jilhewar testified was necessary for her to medically equal listing 1.02A, and that Judge Collins misinterpreted his testimony. [DE 25 at 4.] Dr. Jilhewar said that "if the flexion contracture means if the extension was *equal to a more than 15 degrees* . . . that would have been so-called equaling 1.02(a)." [Tr. 54 (emphasis added).] Deloney claims that Judge Collins, relying on this testimony, mistakenly found that the knee flexion contracture had to be *greater* than fifteen degrees – Deloney believes it must simply equal 15 degrees, and that there are notes in the record stating Deloney was unable to flex fifteen degrees or that her knee extension lacked fifteen degrees. [DE 24 at 12; DE 25 at 4.] I think Judge Collins' reading of Dr. Jilhewar's testimony is entirely reasonable. Giving a plain reading to Dr. Jilhewar's testimony, he seems to state that the knee flexion contracture must be greater than fifteen degrees to establish a medical equivalence to listing 1.02A, and he specifically testified that Deloney did not have that level of restriction in her knees at that time.

Deloney's argument that the ALJ "did not allow Plaintiff's Counsel to cross-examine or clarify the testimony after Dr. Jilhewar again reversed his testimony with regard to whether Plaintiff met or medically equaled listing 1.02(a)" was also correctly addressed and rejected by Judge Collins. [DE 25 at 3.] Right after Dr. Jilhewar made his alleged conflicting statement about the flexion contracture, Deloney's counsel quickly finished his questioning of the witness, stating, "Okay. All right. I don't have anything further, Your Honor." [Tr. 54.] Later, just before the close of the hearing, Deloney's

4

counsel again stated that he did not have any further questions. [Tr. 57.] So I agree with Judge Collins' conclusion that Deloney's counsel had plenty of opportunity to question Dr. Jilhewar about the supposed conflicting testimony.

Additionally, as noted by Judge Collins, two other state consultants, Dr. Brill and Dr. Fife, had the same opinion as Dr. Jilhewar: that Deloney did not meet or equal listing 1.02A. "Because no other physician contradicted [Dr. Brill's, Dr. Fife's, and Dr. Jilhewar's] opinions [regarding the issue of medical equivalence], the ALJ did not err in accepting them." *Filus v. Astrue*, 694 F.3d 863, 867 (7th Cir. 2012) (citations omitted). I agree with Judge Collins' extensive analysis and conclusion that Deloney did not meet or equal listing 1.02A.

Second, Deloney argues that the ALJ failed to provide "good reasons" for not affording great weight to Deloney's treating physicain, Dr. Nantes, who opined in February 2017 that Deloney would be off task for twenty percent of the workday and miss at least three days of work each month due to her impairments. [DE 25 at 4-5.] The ALJ did make note of this opinion but found little weight should be given to it because it is inconsistent with the record - specifically, the ALJ found it was inconsistent with Deloney's improved pain, decreased knee instability, and decreased stiffness. [Tr. 21-22 (citing 249, 256, 272, 295, 297, 327, 330-31, 334, 353.)] Again, this exact argument was recited to Judge Collins, and she analyzed it at length and rejected it. [DE 24 at 18-19.]

5

Deloney contends the treatment notes cited by the ALJ aren't substantial evidence to discount the opinion because the notes pre-date Dr. Nantes' opinion by almost two years. [DE 25 at 4.] However, as noted by Judge Collins, Dr. Jilhewar testified during the hearing that "[t]here has not been a significant longitudinal change since the period at issue on 4/26/2015 until June 8, 2016, on radiological findings of the x-rays" [Tr. 51], and Dr. Jilhewar considered all of the evidence at the time of the hearing (on August 9, 2017), including Dr. Nantes' records, and agreed with Dr. Brill's opinion dated October 29, 2015, that Deloney had the RFC to perform sedentary work with additional non-exertional limitations. [DE 24 at 18; Tr. 52.] Thus, substantial evidence, notably, the opinion of Dr. Jilhewar, supports the ALJ's discounting of Dr. Nantes' opinion. *See Chandler v. Astrue*, No. 1:08 CV 2265, 2010 WL 148124, at *4 (N.D. Ohio Jan. 8. 2010) (citations omitted) ("[I]t is proper for the ALJ to rely on medical expert testimony in order to resolve conflicts between medical opinions."). While Deloney claims there is evidence in the record that Deloney's pain symptoms and clinical findings supported a worsening of her symptoms, Dr. Jilhewar did review the entire record before the hearing, and it is well established that the ALJ need not confront every single piece of evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012) (quotation omitted) (finding an ALJ must "build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence.").

In this case, the ALJ did build a satisfactory bridge between the evidence to his conclusion. As such, I agree with Judge Collins that the ALJ gave good reasons for not affording great weight to the opinion of Deloney's treating physician.

**Conclusion**

Based on the foregoing reasons, I hereby ADOPT the Magistrate's Report and Recommendation [DE 24] and OVERRULE the Objection filed by Plaintiff [DE 25]. The final decision of the Commissioner of Social Security denying plaintiff Scherita L. Deloney's application for disability insurance benefits is **AFFIRMED**.

The Clerk shall enter judgment in favor of Defendant and against Plaintiff.

**SO ORDERED**.

ENTERED: January 16, 2020.

/ s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**